# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

ANDREW J. NUTTING, Respondent, *v.* KINGS COUNTY ELEVATED RAILWAY COMPANY, Appellant.

JOSEPH BRYAN, Respondent, *v.* THE SAME, Appellant.

BENJAMIN CRONER, Respondent, *v.* THE SAME, Appellant.

*Preliminary injunction — when it will not be granted, in actions brought by abutting owners to restrain an elevated railroad company from constructing its road, until it has paid to the owners the damages they are entitled to receive.*

APPEAL from orders made at the Kings County Special Term, granting motions made in the above entitled actions for preliminary injunction restraining the defendant from constructing its road.

The court at General Term said : " These three actions are brought against the Kings County Elevated Railroad Company to restrain the company from the construction of its road on the ground that no compensation has been made to the plaintiffs who are abutting owners, and the road cannot be constructed until such owners have first been paid for their damages. Application was made in each case for preliminary injunctions, which were granted in substance, and the defendant has appealed from the orders.

" In the *Bryan Case* the order was denied upon a condition which imposed a burden upon the defendant, and there is an appeal from that order also. While it is now settled that abutting owners are entitled to compensation for the damages resulting to their property from the construction and operation of an elevated railroad, yet such compensation can be obtained by an action for damages, and it by no means follows that the discretion of a court of equity will be exercised to arrest the construction of such a work when it has been commenced in a lawful manner, or to compel the removal of the same after it is built.

"This elevated railroad is of paramount importance to the city of Brooklyn, and great public benefits are expected to flow from its fabrication, and the citizens of that municipality look forward with pleasing anticipations to the time of its completion and operation. In view of all the facts and peculiar circumstances surrounding these cases, we do not think it would be a wise exercise of the discretionary power of this court to permit these plaintiffs to place themselves in front of this public improvement and suspend its progress, if their legal rights can be protected without such extraordinary interference. This is not like the case of an entry upon private property, because the damages alleged are all consequential. The defendant had the consent of the local municipal authorities and of the requisite number of property owners on the street, and had proceeded with its erection beyond the property of the plaintiffs when they applied for these injunctions, and one of them had consented to the road. Moreover, the ends of justice may be attained with more certainty and satisfaction if the damages of the plaintiffs are ascertained after the company commences to operate its road, as the results of such operation upon the property will then be manifested by experience.

"The portions of the orders appealed from should be reversed, with ten dollars costs and disbursements in each case, and the motions should all be denied, with ten dollars costs in each case."

*Leslie W. Russell*, for the appellant.

*William J. Gaynor*, for Nutting, respondent.

*Smith, Woodward & Bulkley*, for Bryan, respondent.

*Charles J. Patterson* and *Ira Leo Bamburger*, for Croner, respondent.

Opinion by DYKMAN, J.; PRATT, J., concurred.

In *Andrew J. Nutting* v. *Kings County Elevated Railway Company*, order, so far as appealed from, reversed, with costs and disbursements, and motion denied, with costs.

In *Joseph Bryan* v. *Same*, part of order appealed from reversed, with costs and disbursements, and motion denied, with costs.

In *Benjamin Croner* v. *Same*, order, so far as appealed from, reversed, and motion denied, with costs.